# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ABDUL KAREEM HERNANDEZ,

    *Plaintiff,*

  v.

MAYOR AND CITY COUNCIL OF
BALTIMORE, *et al.,*

    *Defendants.*

Case No. 25-cv-3781-ABA

## MEMORANDUM OPINION

Plaintiff Abdul Kareem Hernandez has sued the Mayor and City Council of
Baltimore and Judge Myshala Middleton of the Circuit Court for Baltimore City in
connection with an ongoing dispute regarding custody over his son. Mr. Hernandez
alleges that Judge Middleton and unnamed Baltimore police officers violated his rights
under the Fourteenth Amendment. Defendants have moved to dismiss for failure to
state a claim and lack of jurisdiction. For the following reasons, the Court will grant
Defendants' motions and dismiss this case.

## I.    BACKGROUND[1]

Mr. Hernandez resides in Baltimore and is the "custodial father" of his son,
Power Hernandez. *Id.* ¶ 11. Mr. Hernandez alleges that a North Carolina court awarded
him custody over his son in February 2024, and that he registered the custody order
with the Circuit Court for Baltimore City in September 2025. *Id.* ¶ 16; *see also* ECF No.

---

[1] Because the case is at the pleading stage, the Court will assume the truth of Mr.
Hernandez's allegations. *See Episcopal Church in S.C. v. Church Ins. Co. of Vt.,* 997 F.3d
149, 154—55 (4th Cir. 2021).

1-1 at 3–5 (order by the North Carolina court), 6 (notice of registration in the Circuit Court for Baltimore City). Mr. Hernandez contends that Judge Middleton "denied or otherwise declined to grant enforcement" and that this left him "without timely or effective relief to secure his child's return." ECF No. 1 ¶ 17. Along with his complaint, Mr. Hernandez attached various orders denying relief: two orders by Judge Alan C. Lazerow of the Circuit Court for Baltimore City denying emergency enforcement of the child custody order, ECF No. 1-1 at 8–9, and two orders by Judge Middleton denying emergency enforcement and denying an emergency hearing, *id.* at 9–10. Judge Lazerow is not a defendant in this case. The four orders were entered in two different cases between Mr. Hernandez and the mother of his child. *See Abdul Hernandez v. Tea Rutland*, C-24-FM-25-004473 (Md. Cir. Ct.); *Abdul Hernandez v. Tea Rutland*, C-24-FM-25-002242 (Md. Cir. Ct.). A review of the dockets in these cases reveals that the 25-4473 case remains open, but that the 25-2242 case is marked as closed. *See id.*

In addition to his allegations against Judge Middleton, Mr. Hernandez further claims that the Baltimore Police Department "failed to assist or effectuate enforcement" of the custody order, and that this was pursuant to "policies, customs, or widespread practices that foreseeably and repeatedly cause non-enforcement or delayed enforcement of registered and confirmed custody orders." *Id.* ¶¶ 18, 20. Mr. Hernandez states in his complaint and motions papers that he "remains separated from his child." ECF No. 25-1 at 2.

Mr. Hernandez filed suit in this Court in November 2025. He alleges two counts. First, against the Mayor and City Council of Baltimore (hereinafter, the "City"), he has sued under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment, specifically a *Monell* claim for municipal policies and customs and failure to train. ECF No. 1 ¶¶ 18–

2

21. The second count is against Judge Middleton, seeking injunctive relief to "ensur[e] compliance" with the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A, the Maryland Uniform Child Custody Jurisdiction and Enforcement Act ("MUCCJEA"), Md. Code, Fam. Law § 9.5-101, *et seq.*, and "federal due process guarantees." ECF No. 1 at 5–6. Mr. Hernandez also filed a petition for a writ of mandamus (ECF No. 2) and a motion for a temporary restraining order (ECF No. 4). The City filed a motion to dismiss for failure to state a claim (ECF No. 18) and Judge Middleton filed a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction (ECF No. 23). Both motions are now fully briefed.

## II.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails to "state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007). The pleadings must contain sufficient factual allegations to state a facially plausible claim for relief. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When considering such a motion, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

When a party files a "motion to dismiss based on lack of subject matter jurisdiction pursuant to" Rule 12(b)(1) of the Federal Rules of Civil Procedure, at issue is "whether the court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). A plaintiff is "'afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration'" when a defendant makes a "facial challenge to subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Therefore, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

## III.   DISCUSSION

### A.   The City's motion

A plaintiff bringing a *Monell* claim may sue a municipality under § 1983 for "unconstitutional actions of individual defendants where those defendants were executing an official policy or custom . . . that violated the plaintiff's rights." *Johnson v. Baltimore Police Dep't*, 500 F. Supp. 3d 454, 459 (D. Md. 2020); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–95 (1978). "[A] *Monell* claim cannot lie 'where there is no underlying constitutional violation by [an] employee.'" *Johnson*, 500 F. Supp. 3d at 459 (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 579 (4th Cir. 2001)); *see also Butrim v. Mayor & City Council of Baltimore*, --- F. Supp. 3d ---, Case No. 25-cv-796-MJM, 2026 WL 479079, at *13 (D. Md. Feb. 20, 2026) ("Without a plausible constitutional violation by any City official or employee, Plaintiffs' *Monell* claim cannot survive Defendant's Motion to Dismiss.").

The City first contends that Mr. Hernandez's *Monell* claim should be dismissed because none of his allegations amount to a constitutional violation by individual police officers. ECF No. 18-1 at 4–6. Mr. Hernandez contends that the officers "failed to assist or effectuate enforcement" of the confirmed custody order, and that they "frequently categorized the matter as a 'civil dispute,' declined assistance absent additional steps not required by law, or otherwise delayed action even when court directives were sought." ECF No. 1 ¶ 17. He contends that this violated both his procedural and substantive due process rights under the Fourteenth Amendment. *Id.* ¶ 19; ECF No. 25 at 2.

Mr. Hernandez's factual allegations do not amount to a constitutional violation, even if assumed to be true. Under the Fourteenth Amendment, no State may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. But inaction by state employees is only rarely a basis for a due process violation. The Due Process Clause does not, for example, confer a "property interest in police enforcement of [a] restraining order." *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 768 (2005); *see also Graves v. Lioi*, 930 F.3d 307, 320 (4th Cir. 2019) ("[Plaintiff's] claim is mostly based on conduct properly categorized not as legally cognizable affirmative acts, but as nonactionable inactions and omissions."). Moreover, Plaintiff has not alleged facts that would give rise to an affirmative duty by the City either based on a "special relationship" or any state-created danger. *See Graves*, 930 F.3d at 319; *see also DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 201 (1989) ("While the State may have been aware of the dangers that [Petitioner] faced in the free world, it played no part in their creation, nor did it do anything to render him any more vulnerable to them.").

5

Mr. Hernandez's factual allegations also do not indicate that the police officers' actions were negligent or even incorrect, let alone unconstitutional. *See Graves*, 930 F.3d at 319 ("Because the Due Process Clause protects individuals against arbitrary action of government, with arbitrary in this context encompassing only the most egregious official conduct, no constitutional violation occurs where the state actor negligently inflicted harm.") (quotations omitted). The complaint alleges, and the attached orders reflect, that the Circuit Court "denied or otherwise declined" Mr. Hernandez's requests "to grant enforcement," so the officers' inaction at least appears to have been consistent with those orders. ECF No. 1 ¶ 17. Because the complaint has not sufficiently alleged a constitutional violation by any city employee, the Court will dismiss the *Monell* claim.

## B.    Judge Middleton's motion

Mr. Hernandez's also alleges that Judge Middleton violated his rights under the Fourteenth Amendment. He contends that Judge Middleton denied his motions to enforce the custody order, and requests that this Court "[e]nter prospective declaratory and injunctive relief against Judge Middleton . . . ensuring compliance with PKPA/UCCJEA and due process in future handling of Plaintiff's enforcement efforts." ECF No. 1 at 6. Judge Middleton has moved to dismiss on several grounds, including sovereign immunity, abstention doctrines, the *Rooker-Feldman* doctrine, and for failure to state a claim.

Mr. Hernandez has not sufficiently pled any facts giving rise to a Fourteenth Amendment claim against Judge Middleton. "The fundamental requirements of due process are notice and an opportunity to be heard." *Doe v. Virginia Polytechnic Inst. & State Univ.*, 77 F.4th 231, 236 (4th Cir. 2023) (quotations omitted). Mr. Hernandez asks

this Court to issue an order requiring Judge Middleton to comply with "federal due process requirements," *see* ECF No. 1 ¶ 3, but has not alleged that Judge Middleton deprived him of any procedural safeguards. To the extent Mr. Hernandez alleges a substantive due process violation based upon parental rights, *see* ECF No. 25-1 at 10–11, the Court has already explained why he lacks a protectable interest in the emergency enforcement of a custody order against a third party. *See supra* § III.B; *see also Talley v. Folwell*, 133 F.4th 289, 302 (4th Cir.), *cert. denied*, 146 S. Ct. 609 (2025) ("To succeed on a substantive due process claim, a plaintiff must demonstrate '(1) that he had property or a property interest; (2) that the state deprived him of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency.'") (quoting *Quinn v. Bd. of Cnty. Comm'rs for Queen Anne's Cnty., Md.*, 862 F.3d 433, 443 (4th Cir. 2017)); *Kramer v. Virginia State Ct. Sys.*, Case No. 13-cv-00007, 2013 WL 373573, at *3 (W.D. Va. Jan. 30, 2013), *aff'd*, 530 F. App'x 263 (4th Cir. 2013) ("[A] routine custody and child support order issued by a state court judge, following judicial proceedings, does not even approach a potential substantive due process violation.").

Instead, it appears that Mr. Hernandez merely disagrees with Judge Middleton's rulings, contending that they are inconsistent with the PKPA and MUCCJEA. *See* ECF No. 1 ¶¶ 14–17; *see also id.* ¶ 23 ("Plaintiff seeks forward-looking relief to ensure that future handling of Plaintiff's enforcement efforts complies with federal law, including the PKPA and UCCJEA[.]"). But several doctrines prevent review by this Court of Judge Middleton's orders on the merits, as Mr. Hernandez effectively seeks. First, under the Anti-Injunction Act ("AIA"), federal courts "may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where

necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This provision "generally prohibits the federal courts from interfering with proceedings in the state courts[.]" *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145 (1988); *see also Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (the AIA "broadly commands that [state] tribunals 'shall remain free from interference by federal courts'") (quoting *Atlantic Coast Line R. Co. v. Locomotive Engineers,* 398 U.S. 281, 282 (1970)). None of the exceptions provided in the AIA are applicable here: the relief Mr. Hernandez seeks is not authorized by any statute, is not necessary to preserve this Court's jurisdiction, and would not serve to protect or effectuate this Court's judgments. *See* 28 U.S.C. § 2283; *see also Kay Co., LLC v. Equitable Prod. Co.*, 27 F.4th 252, 260 (4th Cir. 2022) ("[A] federal court may only [enjoin a state proceeding] when an exception to the Anti-Injunction Act applies. . . . However, even when an exception to the Anti-Injunction Act is present, a district court *may* issue an injunction, but it is not *required* to do so.") (quotations and alterations omitted).

Even if the Anti-Injunction Act did not apply, the Court would lack jurisdiction under the *Rooker-Feldman* doctrine and/or would abstain under the *Colorado River* or *Younger* doctrines. *See T.M. v. Univ. of Maryland Med. Sys. Corp.*, 139 F.4th 344, 350 (4th Cir.), *cert. granted*, 146 S. Ct. 878 (2025) (under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction over cases "[1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments") (quotations omitted); *vonRosenberg v. Lawrence*, 849 F.3d 163, 167 (4th Cir. 2017) ("[U]nder the *Colorado River* doctrine, a federal court may abstain from exercising jurisdiction over a duplicative federal action for purposes of 'wise judicial

8

administration.") (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)); *Betts v. Armstrong*, Case No. 25-cv-341, 2025 WL 1436051, at \*2 (M.D.N.C. May 5, 2025), *report and recommendation adopted*, 2025 WL 1435105 (M.D.N.C. May 19, 2025), *aff'd*, Case No. 25-1607, 2025 WL 2438193 (4th Cir. Aug. 25, 2025) (dismissing a challenge to "Defendants' unfair handling of a child custody matter" in state court under the *Rooker-Feldman* doctrine and *Younger* abstention).

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motions to dismiss and dismiss the case. A separate order follows.

Date:  June 2, 2026

_____/s/_____
Adam B. Abelson
United States District Judge